IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**JOHN NORFLEET WARD, III,**

       Petitioner,

v.                                                                     Civil Action No. 2:00cv394

**RONALD J. ANGELONE, Director**
**Virginia Department of Corrections,**

       Respondent.

### ORDER and OPINION

Pending before the court is the petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated herein, the court **DENIES** the petitioner's motion.

I. Procedural History

The petitioner was convicted on November 3, 1997, in the Circuit Court for the City of Norfolk, Virginia of one (1) count of taking indecent liberties with a minor and one (1) count of carnal knowledge with a minor. He was sentenced to serve a total of fifteen (15) years imprisonment on these two counts. The petitioner failed to pursue a direct appeal of his convictions. The petitioner did file a writ of habeas corpus in the Supreme Court of Virginia on or about March 1, 1999, which was dismissed on April 3, 2000.

On or about April 13, 2000, the petitioner filed a petition pursuant to 28 U.S.C. § 2254 in this court. The matter was referred to a United States Magistrate Judge for a report and recommendation. The magistrate judge determined that the section 2254 petition was barred by

the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as provided in 28 U.S.C. § 2244(d)(1). Accordingly, the report and recommendation of the magistrate judge issued on April 4, 2001 recommended that the section 2254 petition be dismissed.

The petitioner filed objections to the report and recommendation, arguing that the magistrate judge erred in determining that he had failed to comply with the AEDPA limitation period. This court considered these objections but determined, by final order dated August 29, 2001, that the magistrate judge had correctly calculated that the petitioner's section 2254 petition was time barred. Accordingly, the court adopted and approved the factual findings and conclusions of law set forth in the report and recommendation of the magistrate judge.

The petitioner filed a notice of appeal of the August 29, 2001 order to the United States Court of Appeals for the Fourth Circuit. In his grounds for appeal, the petitioner specifically claimed that this court erred in determining that his claims were barred by the statute of limitations. By unpublished per curiam opinion issued on March 5, 2002, the Court of Appeals denied the petitioner a certificate of appealability and dismissed his appeal. See Ward v. Angelone, No. 01-7778 (4th Cir. Mar. 5, 2002). The petitioner filed a motion for rehearing en banc in the Court of Appeals on March 22, 2002. This motion was denied by the Court of Appeals on April 25, 2002.

On October 12, 2004, the petitioner filed a motion to rehear/reopen his petition for a writ of habeas corpus based on claims of newly discovered evidence of actual innocence. This motion was referred to the magistrate judge, who determined that the motion to rehear/reopen was in reality a successive request for section 2254 relief and recommended that the motion be

transferred to the Court of Appeals so that the petitioner could seek authorization to file a successive section 2254 petition. See 28 U.S.C. § 2244(b)(3). The court adopted and approved this recommendation, and ordered the petitioner's motion transferred to the Court of Appeals. On April 11, 2005, the Court of Appeals denied the petitioner's motion for leave to file a successive application for collateral relief.

## II. Discussion

The petitioner once again returns to this court with his claim that the court erred in finding that his claims were barred by the AEDPA one-year limitation period. Specifically, the petitioner claims that this court failed to properly consider the impediment caused by his counsel's ineffectiveness in determining whether the limitation period should have been tolled. Additionally, the petitioner claims that a motion to set aside judgment that he filed in the Circuit Court for the City of Norfolk, Virginia should have acted to toll the limitation period pursuant to Artuz v. Bennett, 531 U.S. 4, 8 (2000). Finally, the petitioner asserts that Virginia law permitted him to file his habeas petition within two years of the date of his conviction.

In making this motion for relief from judgment, the petitioner alleges a defect in the collateral review process that the court will consider under Rule 60(b). United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Rule60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on a number of reasons, including mistake, newly discovered evidence, fraud, etc. See Fed. R. Civ. P. 60(b). The "'rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal.'" Bradley v. United States, 51 F. Supp. 2d 696, 697 (W.D.N.C. 1999) (quoting Freschi v. Grand Coal Venture, 103 F.R.D. 606, 608 (S.D.N.Y. 1984)). Relief under

Rule 60(b) is an extraordinary remedy and should only be invoked upon a showing of exceptional circumstances.  See Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990); Design Classics, Inc. v. Westphal, 788 F.2d 1384, 1386 (8th Cir. 1986).

A motion for relief from judgment based on Rule 60(b) must be premised on one or more of the rule's six enumerated grounds for relief from judgment.  See Fed. R. Civ. P. 60(b); Bradley, 51 F. Supp. 2d at 698.  The petitioner argues that the court committed legal error in determining that his section 2254 petition was time barred.  Rule 60(b), however, does not authorize a motion merely for reconsideration of a legal issue.  Bradley, 51 F. Supp. 2d at 698 (citing CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 400 (4th Cir. 1995)).  Thus, the petitioner is not entitled to any relief pursuant to Rule 60(b).

The petitioner's request that the court reexamine the legal grounds behind its August 29, 2001 order is more properly considered under the rubric of Federal Rule of Civil Procedure 59(e), which permits for a motion to alter or amend judgment.  Rule 59(e) further provides, however, that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  The petitioner filed the instant motion on May 11, 2005, nearly four years after the court dismissed his section 2254 petition.  In the intervening time period, the Court of Appeals has denied the petitioner a certificate of appealability, has dismissed his appeal of the August 29, 2001 order and has denied a motion for rehearing en banc.  The petitioner has also requested that the court reopen his section 2254 petition on the grounds of newly discovered evidence.  At no time, however, between August 29, 2001 and May 11, 2005 has the petitioner sought reconsideration of the court's determination that his section 2254 petition was time barred.  Accordingly, the instant motion is certainly untimely under Rule 59(e).

Even assuming the petitioner brought his motion for relief from judgment pursuant to the correct Federal Rule of Civil Procedure and did so in a timely manner, the court still finds that he is entitled to no relief.  At the outset, Rule 59 motions requesting reconsideration are disfavored.  The grounds for granting such a motion are limited: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice.  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion and such a motion should not be used to rehash the same arguments and facts previously presented.  Id.; Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  Rather, "[t]he purpose of a Rule 59(e) motion is to 'allow the court to reevaluate the basis for its decision.'"  Rouse v. Nielsen, 851 F. Supp. at 734 (D.S.C. 1994) (quoting Keyes, 766 F. Supp. at 280).

The court finds that the instant motion merely voices the petitioner's dissatisfaction with the court's decision to dismiss his section 2254 motion as time barred.  In doing so, the petitioner repeats and recasts the ineffective assistance of counsel argument addressed and disposed of by the court in its August 29, 2001 order adopting the April 4, 2001 recommendation of the magistrate judge.  In keeping with the policy behind Rule 59(e) that allows the court to reevaluate the basis for its decision, however, the court has reviewed its order of August 29, 2001.  See id.  For the reasons expressed fully therein, the court finds that the dismissal of the petitioner's section 2254 motion was in accord with the relevant facts and controlling law of the Supreme Court and the United States Court of Appeals for the Fourth Circuit.

Specifically, the petitioner claims that a motion to set aside judgment was properly filed

5

in the Circuit Court for the City of Norfolk, Virginia, and that such motion should have tolled the AEDPA statute of limitation or changed the time at which the petitioner's state conviction became final. The court finds this argument unavailing. Although the petitioner relies on Artuz v. Bennett, 531 U.S. 4, 8 (2000) for the proposition that his motion to set aside judgment was properly filed even if it contained procedurally defaulted claims, that proposition is only applicable assuming that the petitioner has filed a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). It is not apparent to the court that the petitioner's motion to set aside judgment constituted an application for "post-conviction or other collateral review." Even assuming it did, in order for such an application to be properly filed, its delivery and acceptance must have been in compliance with the applicable state rules and laws governing such filings. Artuz, 531 U.S. at 8. The Artuz decision specifically stated that such rules and laws include relevant time limitations upon delivery. Id.

The petitioner claims that his motion to set aside judgment, filed pursuant to Virginia Code Section 8.01-428(D), was a civil motion and not subject to the twenty-one (21) day rule articulated in Rule 1:1 of the Rules of the Supreme Court of Virginia. The petitioner misconstrues the scope and applicability of section 8.01-428(D), which permits a court to consider an "independent action to relieve a party from judgment." Va. Code. Ann. § 8.01-428(D). This subsection, relating to civil procedure, has no effect on the limitations imposed by Rule 1:1 on the Circuit Court's jurisdiction to review the petitioner's conviction. See Myers v. Commonwealth, 26 Va. App. 544, 548 (1998) (noting that section 8.01-428 does not invest a trial court with jurisdiction to modify conviction after passage of twenty-one day period). Accordingly, the petitioner's motion to set aside judgment, filed some six months after his

November 3, 1997 conviction was not "properly filed" within the meaning of section 2244(d)(2) as it was not timely. See Artuz, 531 U.S. at 8. The motion to set aside judgment did not act to toll the limitation period and did not change the date on which the petitioner's state conviction became final. See 28 U.S.C. § 2244(d)(2).

Finally, to the extent that the petitioner claims that he had two years under the governing state law in which to file his petition for a writ of habeas corpus in state court, the only relevant limitation period that applies to his section 2254 petition in this court is that established by the AEDPA. See 28 U.S.C. § 2244(d)(1). The petitioner's conviction became final on December 3, 1998, thirty days after entry of the final judgment order. See Rule 5A:6, Rules of the Supreme Court of Virginia. Section 2244(d)(1) provides that a one-year period of limitation applies to a section 2254 motion, running from the time that the underlying state conviction became final. That the petitioner may have had a longer period of time in which to file his habeas petition in state court is of no consequence to these federal proceedings and entitles him to no relief.

III. Conclusion

Accordingly, as the motion for relief from judgment does not request relief permissible pursuant to Rule 60(b), is untimely under Rule 59(e) and does not establish that an intervening change in the law has occurred, that new evidence has come to light, or that any meritorious grounds show that reversal of the court's August 29, 2001, order is necessary to correct a clear error of law or prevent manifest injustice, the court must deny the petitioner's motion. See Hutchinson, 994 F.2d at 1081.

The court **DENIES** the petitioner's motion for relief from judgment. The petitioner is **ADVISED** that he may appeal the denial of his motion by forwarding a written notice of appeal

7

to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days of the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to counsel for the respondent.

**IT IS SO ORDERED**.

                                              /s/
                                    Jerome B. Friedman
                            UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 2nd, 2005